UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DEBORA FLORES,
individually and on behalf of all
Others similarly situated,

CASE NO: 1:19-cv-24244-BLOOM/Louis

    Plaintiff,
vs.

BARRY UNIVERSITY, INC.,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION TO AMEND ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant, BARRY UNIVERSITY (hereinafter "Barry"), by and through its undersigned attorneys and pursuant to Federal Rule of Civil Procedure 15(a)(2), hereby files this Unopposed Motion to Amend Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint, and states:

1. On October 15, 2019, Barry removed this matter from state court to this Court, and with its Notice of Removal, also filed its Answer and Affirmative Defenses. (*See* Doc. 1, 3).

2. On October 31, 2019, this Court issued its "Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge" ("Scheduling Order"). (Doc. 6).

3. The Scheduling Order set a deadline of December 29, 2019, to file amended pleadings. (*See* Doc. 6, p. 2).

4. On November 25, 2019, Plaintiff, Debora Flores, filed her First Amended Complaint. (Doc. 10).

5.     Barry filed its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint on December 5, 2019. (Doc. 11).

6.     Since filing said Answer and Affirmative Defenses, Barry has discovered that it is necessary to amend its affirmative defenses to state the additional affirmative defense that Barry is a tax-exempt non-profit organization, and therefore, is exempt from the requirements and prohibitions of 47 U.S.C. § 227.

7.     Amendment of Barry's Answer and Affirmative Defenses will not prejudice Plaintiff, and will not cause any delay to this proceeding.

Accordingly, for the reasons set forth above and in the Memorandum of Law set forth below, Barry respectfully requests that it be permitted to amend its Answer and Affirmative Defenses to add the additional affirmative defense that Barry is a tax-exempt non-profit organization, and therefore, is exempt from the requirements and prohibitions of 47 U.S.C. § 227.

## MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." However, if a scheduling order that includes a deadline for filing amended pleadings has already been issued by the court, the matter is governed by Fed. R. Civ. P. 16(b), which states that "[a] schedule may be modified only for good cause and with the judge's consent." *Valdez-Castillo v. Busch Entm't Corp.*, 06-20772-CIV, 2009 WL 10668211 (S.D. Fla. Jan. 28, 2009) (citing Fed. R. Civ. P. 16(b); *see Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (ruling that district courts are to use the good cause standard of Rule 16(b) when a party seeks to modify a scheduling order by amending pleadings after a court's deadline)).

In *Mursten v. Caporella*, No. 14-60014, 2014 WL 12862537 (S.D. Fla. Jul. 8, 2014), this Court recognized that the United States Supreme Court has construed Rule 15(a)(2) as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Id.* at *1 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962), and citing *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (per curiam)).

In this case, the deadline to file amended pleadings passed approximately three weeks ago. Since that time, Barry discovered that it has a basis upon which to assert the additional affirmative defense that it is a tax-exempt non-profit organization, and therefore, that it is exempt from the requirements and prohibitions of 47 U.S.C. § 227.

In its Answer and Affirmative Defenses, Barry admitted Plaintiff's allegation that "it is a not for profit University" (*see* Doc. 11, ¶ 7), and therefore, the fact upon which this new affirmative defense is based has already been alleged by Plaintiff and admitted by Barry.

The Court's allowance of this amendment to Barry's Answer and Affirmative Defenses will not cause any delay to this proceeding.

**WHEREFORE**, Defendant, BARRY UNIVERSITY, respectfully requests that this Honorable Court grant this Motion to Amend Answer and Affirmative Defenses.

### CERTIFICATION OF UNDERSIGNED COUNSEL PURSUANT TO SOUTHERN DISTRICT LOCAL RULE 7.1(a)(3)

Undersigned counsel hereby certifies that I have conferred with Manuel S. Hiraldo, Esquire, counsel for Plaintiff, in a good faith effort to resolve the issue raised in this motion, and that I am authorized to represent that Mr. Hiraldo has indicated in writing that he has no objection

to this request to add the additional affirmative defense that Barry is a tax-exempt non-profit organization, and therefore, is exempt from the requirements and prohibitions of 47 U.S.C. § 227.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of January, 2020, this document was electronically filed with the Clerk of this Court via the CM/ECF filing system, and that said system served a copy of this document via e-mail delivery to **Manuel S. Hiraldo, Esquire**, Attorney for the Plaintiff, 401 E. Las Olas Boulevard, Suite 1400, Ft. Lauderdale, Florida 33301, **mhiraldo@hiraldolaw.com**.

/s/ Jeffrey S. Weiss
JEFFREY S. WEISS, ESQUIRE
Florida Bar No: 750565
Primary email:   jweiss@orlandolaw.net
Secondary email: DSambol@Orlandolaw.net
                 mrusso@orlandolaw.net
GARGANESE, WEISS, D'AGRESTA &
SALZMAN, P.A
111 N. Orange Avenue, Suite 2000
Orlando, Florida 32801
Tel: 407-425-9566
Fax: 407-425-9596
Attorneys for Defendant